CLOUGH *v.* FIRST NATIONAL BANK OF PAW PAW.

1. GIFTS—DELIVERY—PASSING TITLE—INTENTION.

Where bank claimed that donor left with it certain bonds to be delivered to his great grandchildren at his death, it is essential to validity of said gifts that donor voluntarily delivered the bonds to the bank for the donees with intention of relinquishing control and passing title to them.

2. SAME—DELIVERY AND ACCEPTANCE COMPLETES GIFT.

Where donor, with intention to make gift of certain bonds to his great grandchildren at his death, made delivery to bank for that purpose, and bank accepted the trust, nothing further was necessary on part of donor to complete the gift.

3. SAME—FORM OF RECEIPT NOT CONTROLLING.

That bank, in accepting trust of holding certain bonds till donor's death and then delivering them to donees, used printed form of receipt containing language not directly applicable to transaction, is not fatal to its validity, where intention of donor to make gift to donees is clear and unmistakable.

4. SAME—DELIVERY.

Delivery to bank, *held,* sufficient to support gift.

5. SAME—WHERE TITLE PASSED TO DONEES, POSTPONEMENT OF POSSESSION NOT CONTROLLING.

Where delivery of bonds to bank to be delivered to donees at donor's death passed present title to donees, fact that possession was postponed until donor's death did not make transaction testamentary in character.

Error to Van Buren; Warner (Glenn E.), J. Submitted April 22, 1931.  (Docket No. 36, Calendar No. 35,495.)  Decided June 1, 1931.

Case by Frederic M. Clough, administrator of the estate of John B. Shered, deceased, against First National Bank of Paw Paw, Michigan, a Federal banking corporation, for the conversion of bonds left with it for safekeeping.  Judgment for defendant.  Plaintiff brings error.  Affirmed.

*Marvin J. Schaberg,* for plaintiff.

*H. H. Adams* and *David Anderson,* for defendant.

McDONALD, J.  This action was brought for the conversion of two bonds of $1,000 each which the plaintiff claims belong to the estate of John B. Shered, deceased.  The defendant claims that the bonds were delivered to it by Mr. Shered during his lifetime with directions that they be delivered to his great grandchildren, Marvel Shered and Marvin

Shered, at his death; that it delivered them according to instructions; and that they belong by gift to Marvin and Marvel. At the close of the proofs, both parties requested a directed verdict. The verdict was directed and judgment entered in favor of the defendant. The plaintiff has brought error.

The undisputed testimony shows that the defendant bank purchased for John B. Shered two $1,000 bonds of the Gemmer Manufacturing Company and at his request retained them for safekeeping. About six months prior to his death, Mr. Shered expressed a desire to give the bonds to his great grandchildren, Marvin and Marvel, sons of Paul Shered. For that purpose he went to the bank and talked to Mr. Parks, its cashier. To effectuate the gifts, Mr. Parks prepared the following paper:

"Paw Paw, Michigan, May 10, 1928.
"FIRST NATIONAL BANK.

"Received of John B. Shered ............ value $2,000.

"We hereby acknowledge receipt of the following documents or valuables, which we undertake to hold for your account and at your risk, to be delivered on the return of this receipt. We agree to give the said documents or valuables the same care we do our own property, but beyond this, we assume no responsibility.

"FIRST NATIONAL BANK,
(Signed) "E. F. PARKS, Cashier.
"ARTICLES.

"Two Gemmer Manfg. Company bonds, 5½ per cent, due 1-1-1933, Nos. 712 and 713, to be, at his death, delivered to Marvel and Marvin Shered.

"Not negotiable."

After this transaction the bank paid to Mr. Shered interest on the bonds and at his death delivered

them to Paul Shered, the guardian of Marvin and Marvel.

It is essential to the validity of these gifts that Mr. Shered should have voluntarily delivered the bonds to the bank for the donees with the intention of relinquishing control and passing title to them. *Shepard* v. *Shepard,* 164 Mich. 183, and cases cited on page 199.

It is undisputed that Mr. Shered went to the bank for the purpose of making these gifts. It is not claimed that he acted under compulsion or duress. His act was voluntary. He attached no conditions to the gifts except that possession of the bonds by the donees should be postponed until his death. It was his intention, clearly expressed in the writing prepared by the cashier at his dictation, that the bank should hold the bonds until his death and then deliver them to Marvin and Marvel:

"Two Gemmer Manfg. Company bonds, 5½ per cent, due 1-1-1933, Nos. 712 and 713, to be, at his death, delivered to Marvel and Marvin Shered."

These facts show an intention to make the gift, accompanied by a delivery to the bank for that purpose and an acceptance by the bank of the trust. Nothing further was necessary on the part of the donor to complete the gift. But the plaintiff contends that the receipt given by the bank in accepting the trust for the donees shows an intention on the part of the donor to retain control of the bonds, and invalidates the gift. We do not think so. The receipt was on a printed form used by the bank when securities or valuables were left with it for safekeeping. It contains language not directly applicable to a transaction of this kind, but nothing to indicate that Mr. Shered reserved any control over the bonds; and in fact no control was attempted.

It is not necessary to discuss other contentions of the parties. The intention of the donor to make these gifts to his great grandchildren is clear and unmistakable. The delivery was sufficient to support the gifts. The bonds were not registered and were transferable by delivery. Delivery to the bank passed a present title to the donees, and the fact that possession was postponed until the donor's death did not make the transaction testamentary in character. The circuit judge was correct in holding the gifts valid.

The judgment is affirmed, with costs to the defendant.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.